# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL ) RESPONSIBILITY, ) 2000 P Street NW, Suite 240 ) Washington, D.C. 20036 ) )     Plaintiff, ) ) v. ) ) U. S. DEPARTMENT OF THE INTERIOR ) Office of Inspector General ) 1849 C Street, NW ) Washington, DC 20240 ) )     Defendant. ) | Civil Action # **COMPLAINT** |

## PRELIMINARY STATEMENT

1.  This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

    *et seq.*, as amended, in order to compel the U.S. Department of the Interior Office of

    Inspector General (OIG) to disclose records withheld wrongfully after a FOIA request

    and subsequent appeal from Plaintiff. FOIA requires that federal agencies respond to

    public requests for documents, including files maintained electronically, in order to

    increase public understanding of the workings of government and access to government

    information.

2.      Plaintiff Public Employees for Environmental Responsibility ("PEER") is a non-profit

organization with tax-exempt status dedicated to research and public education

concerning the activities and operations of the federal government. Plaintiff requested the

subject records in order to clarify and document the basis for the OIG's reasoning and

conclusions contained in its February 2007 report entitled "Assessment of the U.S. Fish

& Wildlife Service Office of Law Enforcement." The requested information will help the

public understand the effectiveness and integrity of the Fish & Wildlife Service's (FWS)

law enforcement program. The public trust is well served by knowing whether public

land management decisions are made strictly according to the best available information

and in conformance with applicable laws, and whether special interests influence FWS

law enforcement investigations and other activities.

3.      Plaintiff submitted a FOIA request to OIG dated March 5, 2007 (OIG FOIA # 07-FPA-

00027). By letter dated April 3, 2007, OIG acknowledged receipt of Plaintiff's FOIA

request and granted Plaintiff's request for a fee waiver. OIG also stated that it could not

respond within established time limits, but that Plaintiff's request was "being handled as

equitably as possible" and that OIG would update Plaintiff and provide an estimated

completion date after it received "the responsive documents." In the ensuing months OIG

did not contact Plaintiff and did not respond to Plaintiff's telephone inquiries about when

to expect a cogent response. On November 9, 2007, Plaintiff appealed the constructive

denial of its FOIA request (Appeal Number 2008-036). The Department of the Interior

Office of the Solicitor (Solicitor) acknowledged the appeal by letter dated November 28,

2007. By letter dated January 4, 2008, the Solicitor informed Plaintiff that the Solicitor

had not responded to Plaintiff's appeal within the required 20 days due to various factors

and notified Plaintiff of the right to seek judicial review.

4.     In its January 4, 2008 letter, the Solicitor also asked if Plaintiff would delay filing a

lawsuit.  OIG has had ample time beyond that legally required to respond to Plaintiff's

FOIA request and subsequent appeal. In a show of good faith, Plaintiff waited over seven

(7) months to file an appeal after OIG acknowledged receipt of Plaintiff's FOIA request

and stated it needed more time to respond. It has been well over one (1) month since the

Solicitor acknowledged Plaintiff's appeal, yet there is no indication a decision is

forthcoming in the foreseeable future.

5.     OIG's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA

request. OIG's conduct frustrates Plaintiff's efforts to educate the public regarding FWS

law enforcement activities and is a violation of the FOIA.

6.     Plaintiff seeks a court order requiring OIG to immediately produce the documents sought

in the March 5, 2007 FOIA request, as well as other appropriate relief.


**JURISDICTION AND VENUE**

7.     This Court has jurisdiction over this action under the Freedom of Information Act, 5

U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action under 28 U.S.C. §

1331 (federal question jurisdiction).

8.     This Court has the authority to grant declaratory relief under the Declaratory Judgment

Act, 28 U.S.C. § 2201, *et seq*.

9.      This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2414 and 5 U.S.C. § 552(a)(4)(E).

10.     Venue is properly vested in this Court under 28 U.S.C. § 1391(e), because the Defendant resides in this district and a substantial part of the events and omissions which gave rise to this action occurred in this district. Venue is also proper under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11.     Plaintiff PEER is a non-profit public interest organization, with its main office located Washington, D.C., and field offices located in California, Colorado, Florida, Massachusetts, New Mexico, New Jersey, and Tennessee.

12.     PEER is not a commercial enterprise for purposes of the fee waiver provisions of FOIA. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues, focusing on the environment, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

13.     Informing the public about these important public policy issues is central to PEER's mission.  PEER educates and informs the public through news releases to the media, PEER's web site www.peer.org, which draws between 1,000 and 10,000 viewers per day,

4

and PEER's newsletter which has a circulation of approximately 20,000, including 1,500 environmental journalists.

14.    Defendant OIG is an agency of the United States as defined by 5 U.S.C. § 552(f)(1), and is charged with the duty to provide public access to documents in its possession consistent with the requirements of the FOIA and is denying Plaintiff access to its records in contravention of federal law.

**FACTS**

15.    On March 5, 2007, Plaintiff filed a FOIA request, seeking agency records. OIG designated this request OIG FOIA # 07-FPA-00027.

16.    Plaintiff's OIG FOIA # 07-FPA-00027 sought the following records related to OIG's February 2007 report entitled "Assessment of the U.S. Fish & Wildlife Service Office of Law Enforcement": (1) Copies of correspondence, documentary materials, letters or other communications submitted to the OIG by members of the FWS law enforcement program in preparation of this report, (2) Interview notes from OIG staff interviews with members of the FWS law enforcement program in preparation of this report, (3) Documents relating to the removal of Kevin Adams as the head of the FWS Office of Law Enforcement, (4) Information concerning interactions of the Safari Club affecting investigations or other activities of the FWS law enforcement program, and (5) An index itemizing and describing any documents or portions of documents OIG chose to

withhold, commonly referred to as a *Vaughn* Index. <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert. denied</u>, 415 U.S. 977 (1974).

17.     OIG acknowledged receipt of Plaintiff's FOIA request in a letter dated April 3, 2007, and granted Plaintiff's fee waiver request.  In that same letter OIG stated that it could not respond within FOIA-mandated time limits, s*ee* 5 U.S.C. § 552(a)(6)(A)(i), but that it would update Plaintiff on the status of Plaintiff's request when it received the responsive documents and would provide Plaintiff with an estimated completion date.

18.     Contrary to the assurances OIG made to Plaintiff in its April 3, 2007 letter, OIG did not update Plaintiff on the status of Plaintiff's request and did not provide Plaintiff an estimated completion date.  Nor did OIG respond to Plaintiff's subsequent telephone inquiries about when Plaintiff could expect a cogent response to the FOIA request.

19.     By letter dated November 9, 2007, Plaintiff filed an administrative appeal of OIG's constructive denial of Plaintiff's FOIA request, citing Defendant's inordinate delay and ultimate lack of response.

20.     The Department of the Interior Office of the Solicitor acknowledged receipt of Plaintiff's appeal in a letter dated November 28, 2007.

21.     By letter dated January 4, 2008, the Solicitor acknowledged that it had failed to meet the twenty (20) day limit for responding to Plaintiff's appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii). The Solicitor advised Plaintiff of the right to seek judicial review under 5 U.S.C. § 552(a)(4)(B), but also stated "we hope that you will delay filing a lawsuit so that the Department can thoroughly review the issues in your appeal and make a determination."

22.    OIG did not adequately respond to Plaintiff's November 9, 2007 appeal, nor did it

provide the requested documents.  In so doing, OIG failed to meet the twenty (20) day

limit FOIA imposes for responding to an appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

23.    It has been over ten (10) months since Plaintiff initiated its March 5, 2007 FOIA request.

Plaintiff waited over seven (7) months to file a FOIA appeal after OIG acknowledged

receipt of Plaintiff's FOIA request and asked for more time to respond. It has now been

well over one month since Defendant acknowledged Plaintiff's appeal, yet there is no

indication a decision is forthcoming in the foreseeable future.

24.    Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)

for its FOIA request, and now turns to this Court to enforce the remedies and public

access to agency records guaranteed by FOIA.


### CAUSES OF ACTION

### Count I: Violation of the Freedom of Information Act

25.    Plaintiff repeats the allegations in paragraphs 1 through 24.

26.    OIG's failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. § 552,

and the agency's own regulations promulgated thereunder.

## Count II: Violation of the Administrative Procedure Act

27.    Plaintiff repeats the allegations in paragraphs 1 through 24.

28.    OIG's failure to disclose documents responsive to Plaintiff's request constitutes agency

action unlawfully withheld and unreasonably delayed, in violation of the Administrative

Procedure Act (APA), 5 U.S.C. §§ 701-706. OIG's failure in this matter is arbitrary,

capricious, an abuse of discretion, not in accordance with the law and without observance

of procedure required by law, all in violation of the APA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

 i.    Enter an Order declaring that OIG has wrongfully withheld the requested agency
records;

 ii.    Issue a permanent injunction directing OIG to disclose to Plaintiff all wrongfully
withheld documents;

iii.    Maintain jurisdiction over this action until OIG is in compliance with FOIA, APA
and every order of this Court;

 iv.    Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

 v.    Grant such additional and further relief to which Plaintiff may be entitled.

Dated: Washington, D.C.
January 9, 2008                           Respectfully submitted,


                                          __/s/__ Paula Dinerstein_____
                                          Paula Dinerstein, DC Bar No. 333971
                                          Senior Counsel
                                          Public Employees for Environmental Responsibility
                                          2000 P Street, NW, Suite 240
                                          Washington, D.C. 20036
                                          (202) 265-7337


                                          ___/s/__Adam Draper_____
                                          Adam E. Draper, DC Bar No. 974880
                                          Staff Counsel
                                          Public Employees for Environmental Responsibility
                                          2000 P Street, NW, Suite 240
                                          Washington, D.C. 20036
                                          (202) 265-7337


                                          Attorneys for Plaintiff

9

I 08-45
ESH

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Public Employees for Environmental Responsibility  11001 | U.S. Department of the Interior Office of Inspector General |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Paula Dinerstein & Adam E. Draper
Public Employees for Environmental Responsibility
2000 P Street NW, Suite 240
Washington, DC 20036
(202) 265-7337

Case: 1:08-cv-00045
Assigned To : Huvelle, Ellen S.
Assign. Date : 1/10/2008
Description: FOIA/Privacy Act

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
( FOR DIVERSITY CASES ONLY!)
(SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust

- [ ] 410 Antitrust

### ○ B. Personal Injury/ Malpractice

- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ○ C. Administrative Agency Review

- [ ] 151 Medicare Act

**Social Security:**
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

**Other Statutes**
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [x] 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ⊙ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

U.S. Environmental Protection Agency violated the Freedom of Information Act, 5 U.S.C. § 552, by failing to timely disclose records requested by Plaintiff.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ _____ Select YES only if demanded in complaint

JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE **January 9, 2008**   SIGNATURE OF ATTORNEY OF RECORD *Paula Dinerstein*

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.