UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 08-0045 (ESH)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION FOR A STAY OF PROCEEDINGS OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FREEDOM OF INFORMATION ACT REQUEST AND FILE A DISPOSITIVE MOTION**

Defendant, United States Department of the Interior ("DOI"), by and through undersigned counsel, hereby respectfully moves this Court for a stay of ninety days, pursuant to Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976) ("Open America"), pending the processing of Plaintiff's FOIA request.

Despite the good faith efforts and due diligence of the agency in processing Plaintiff's FOIA request, due to its backlog of FOIA requests, Defendant has not completed processing Plaintiff's FOIA request. Therefore, an Open America stay is necessary for Defendant to complete this process.

In the alternative, pursuant to Fed. R. Civ. P. 6(b)(1), Defendant moves for an extension of time to continue processing the FOIA request and file a dispositive motion. Pursuant to Rule 7(m), the parties conferred and Plaintiff opposes this Motion.

A memorandum in support of this Motion and a proposed Order granting the relief

requested is attached.

Dated:  February 27, 2008                              Respectfully submitted,


                                                       _____/s/_____
                                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                       United States Attorney


                                                       _____/s/_____
                                                       RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                       Assistant United States Attorney


                                                       _____/s/_ *Brandon L. Lowy*_____
                                                       BRANDON L. LOWY
                                                       Special Assistant United States Attorney
                                                       555 Fourth Street, N.W. - Room E4405
                                                       Washington, D.C. 20530
                                                       (202) 307-0364


                                                       Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-0045 (ESH) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR A STAY OF PROCEEDINGS OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FREEDOM OF INFORMATION ACT REQUEST AND FILE A DISPOSITIVE MOTION**

**I.   Introduction**

Plaintiff filed this action on January 10, 2008, demanding that the United States Department of the Interior ("DOI") respond to Plaintiff's FOIA request for records that it alleges are maintained by the DOI's Office of the Inspector General ("DOI-OIG"). As discussed below, pursuant to 5 U.S.C. § 552(a)(6)(C), Defendant moves for a stay to allow it additional time to complete processing Plaintiff's FOIA request. In the alternative, Defendant moves for an extension of time to file a dispositive motion.

Plaintiff a filed FOIA request with the DOI-OIG. See Compl. ¶ 3; see also Exh. 1. The DOI-OIG acknowledged receipt of the request and advised Plaintiff that there would be some delay in responding to his request because of the DOI-OIG's backlog of FOIA requests. See Compl. ¶ 3; see also Exh. 2. Plaintiff appealed that response, and the DOI-OIG responded to Plaintiff's appeal in good faith. See Exhs. 3, 4.

Although Defendant is exercising due diligence in responding to Plaintiff's FOIA request, exceptional circumstances have prevented Defendant from processing Plaintiff's request within the statutory time limit. As the accompanying declaration explains, the DOI-OIG routinely assigns FOIA requests and appeals for processing in the order received. Defendant's Declaration of Sandra Evans ("Evans Decl."), ¶ 9. The Plaintiff's request is at the top of the processing queue and Defendant intends to complete production of non-exempt documents for this FOIA request on a "rolling basis" on or before May 27, 2008. See Evans Decl. ¶ 11.

## II.    Background

### A. DOI-OIG's Procedures for Processing FOIA Requests

The DOI-OIG's FOIA Officer processes FOIA requests and appeals. Evans Decl. ¶ 2. When the FOIA Officer receives a FOIA request, it is DOI-OIG's standard operating procedure to date the FOIA request in the order in which it was received and assign it a sequential DOI-OIG file number. See Id. at ¶ 6. The DOI-OIG's general policy for processing appeals, as with initial requests, is to process them on a first-in, first-out basis. See Id.

Unless a request for expedited processing has been made by the requester[1], and granted by the DOI-OIG, or the request is appropriate for placing on the DOI-OIG's "simple" processing track, the FOIA request is addressed by the DOI-OIG in the order received. See Id. Requests are logged in and reviewed by the FOIA Officer, who then identifies relevant records, retrieves and reviews the records, arranges for copying of any records to be released, redacts exempt information as necessary, calculates any fees due, and prepares the DOI-OIG's initial decision. See Id. at ¶ 2. When appropriate, the DOI-OIG FOIA Officer continues to communicate with the

---

[1] Plaintiff did not seek expedited processing with respect to its request. Evans Decl. ¶ 9.

FOIA requester following his or her appeal, in order to complete the response to the FOIA request as expediently possible.  See id. at ¶ 8.

      B.  Administrative Processing of Plaintiff's FOIA Request

Plaintiff's letter of March 5, 2007, requests information pertaining to the DOI-OIG report entitled, "Assessment of the U.S. Fish and Wildlife Office of Law Enforcement."  Evans Decl. ¶ 7; see also Exh. 1.  After having received the request on March 28, 2007, the DOI-OIG responded to this request by advising Plaintiff that there was a backlog of requests and that it was handling Plaintiff's request as "equitably as possible."  Evans Decl. ¶¶ 7-8; see also Exh. 2.  The DOI-OIG had 239 pending FOIA requests at that time.  Evans Decl. ¶ 8.  The request was assigned DOI-OIG FOIA number 07-FPA-00027.  Id.  Plaintiff filed an appeal by letter dated November 9, 2007, and the FOIA Appeals Office received it on November 19, 2007.  Id.; see also Exh. 3.  LaRima L. Lane, Senior FOIA Appeals Specialist in the DOI Office of Solicitor, acknowledged (1) receipt of the of the FOIA appeal and (2) assignment of DOI FOIA appeal number 2008-036 by letter dated January 4, 2008.  Evans Decl. ¶ 8; see also Exh. 4.  On January 16, 2008, the DOI-OIG FOIA Officer Sandra Evans sent a letter to Plaintiff's Executive Director Jeff Ruch with an index of the documents that Ms. Evans felt would be responsive to Plaintiff's FOIA request.  See Evans Decl. ¶ 8; see also Exh. 5.  This letter also requested that Mr. Ruch contact her to discuss the index in order to clarify which documents would be of interest to Plaintiff.  See Evans Decl. ¶ 8; see also Exh. 5.

**III.    ARGUMENT**

    **A. Defendant Has Demonstrated Good Cause and Due Diligence in Responding To Plaintiff's FOIA Request and Should Be Granted a Stay of These Proceedings**

When an agency receives a request for records pursuant to FOIA, the agency is required to determine within twenty (20) working days of the date of the receipt of the request "whether to comply with such request" and to "immediately notify the person making such request of the agency's determination and the reasons therefor...." 5 U.S.C. § 552(a)(6)(A). This time limit can be extended by up to ten (10) working days if the agency determines that "unusual circumstances" exist. 5 U.S.C. § 552(A)(6)(B). In certain circumstances, FOIA authorizes a stay of judicial proceedings to allow an agency time to complete its record review. This provision of FOIA states:

> If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records.

5 U.S.C. § 552(a)(6)(C)(i).

In <u>Open America v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976) (hereafter "<u>Open America</u>"), the Court held that "exceptional circumstances" exist when an agency "is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it is exercising due diligence in processing the requests." The Court observed that "the good faith effort and due diligence of the agency to comply with [FOIA requests] in as short a time as is possible by assigning all requests on a first-in, first-out basis, except those where exceptional need or urgency is shown, is compliance with the Act." <u>Open America</u> 547 F.2d at 616.

In the Electronic Freedom of Information Act Amendments of 1996, Congress limited the

meaning of "exceptional circumstances" to exclude delays resulting from predictable agency workloads of requests, unless the agency could demonstrate reasonable progress in reducing its backlog of pending FOIA requests. 5 U.S.C. § 552 (a)(6)(C)(ii). However, cases subsequent to these amendments have continued to hold that, where an agency is making good faith efforts and exercising due diligence in processing requests on a first-in, first-out basis, a stay of proceedings is authorized so long as the agency also demonstrates "reasonable progress in reducing its backlog of pending requests." See Appleton v. FDA, 254 F.Supp.2d 6, 9-10 & n. 4 (D.D.C. 2003); Wilderness Soc'y v. United States Dep't of the Interior, 2005 WL 3276256 (D.D.C. 2005).

The DOI-OIG receives an average of 90 FOIA requests per year, and in light of its limited FOIA personnel and budgetary constraints, the office continues to implement changes and make considerable progress in slowing the growth of the backlog. See Evans Decl. ¶¶ 4, 5, 10. When DOI-OIG FOIA Officer Sandra Evans joined her office in 1999, DOI-OIG had a backlog of FOIA requests dating back to 1994. See Evans Decl. ¶ 5. Numerous factors have contributed to the growing backlog of FOIA requests in the past decade. See Id. Nevertheless, the DOI-OIG has implemented technological, training, and organizational changes to facilitate the timely processing of FOIA requests. See Evans Decl. ¶ 5. Between 2005 and 2007, in an effort to bolster this effort, the DOI-OIG purchased a FOIA request tracking system, as well as conducted training sessions for DOI-OIG General Counsel attorneys to enable them to assist in the processing of FOIA requests. See id. DOI-OIG's initiatives slowed the increase in the number pending requests by the end of FY 2007, but did not lower the number of pending cases because many of them are identified as complex requests. See Evans Decl. ¶ 10.

The DOI received Plaintiff's 07-FPA-00027 request on March 28, 2007.  See Evans Decl. ¶ 8.  At that time, DOI-OIG had 239 pending FOIA requests.  See id. at ¶ 8.  The DOI-OIG acknowledged receipt of the FOIA request and advised Plaintiff that there was a backlog of requests by letter dated April 3, 2007, and Plaintiff thereafter filed an appeal.  See id.; see also Exhibit 2, 3.  The DOI Office of Solicitor acknowledged receipt of the of the FOIA appeal by letter dated January 4, 2008.  Evans Decl. ¶ 8; see also Exh. 4.  On January 16, 2008, DOI-OIG FOIA Officer Sandra Evans sent a letter to Plaintiff's Executive Director Jeff Ruch with an index of the documents that she felt would be responsive to Plaintiff's FOIA request and asked that he contact her to clarify which documents would be of interest to Plaintiff.  See Evans Decl. ¶ 8; see also Exh. 5.

DOI-OIG is requesting only a minimal stay in which to complete processing Plaintiff's request.  The agency has demonstrated due diligence, good faith, and a commitment to processing its FOIA requests and appeals in a timely manner.  On February 21, 2008, Defendant indicated to Plaintiff that it intends to produce non-exempt documents responsive to Plaintiff's request on a "rolling basis."  See Evans Decl. ¶ 11.  Accordingly, Defendant has shown that it has met the test of Open America and the requirements of the FOIA, and Defendant should be granted a stay until May 27, 2008 to complete the processing of Plaintiff's FOIA request.[2]

---

[2] Even if the Court were to find that the DOI-OIG has not demonstrated the required due diligence, the Court nonetheless has the power to, and should, grant the agency additional time to process plaintiff's requests.  As Judge Leventhal stated in Open America, concurring in the result, "there certainly is some room for a court in equity to stay its hand, and to forbear from enforcing a declared right in cases where the defendant is called upon to do the impossible." Open America, 547 F.2d at 620.  See also Cohen v. Fed. Bureau of Investigation, 831 F.Supp. 850, 853 (S.D. Fla. 1993); Califano v. Wampler, 588 F.Supp. 1392, 1394-95 (N.D. Ill. 1984) (because no reasonable remedy exists to address violations of the limited response period provided in the act, the court "can only direct that defendants continue to work diligently and

Thirty (30) days following the conclusion of the stay, Defendant intends to file a motion for summary judgment with a Vaughn index, indicating the reasons for which any information exempt from disclosure is being withheld from Defendant's FOIA production.[3]  For these reasons, the Court should stay these proceedings until May 27, 2008, for Defendant to complete production of all non-exempt, responsive documents on a rolling basis.

> **B.    In the Alternative, Defendant Has Demonstrated Good Cause for and Due Diligence In Responding To Plaintiff's FOIA Request And Should Be Granted An Extension of Time**

In addition to all of the reasons noted above, there is good cause for the Court to grant this Motion.  In good faith, Defendant attempted to contact Plaintiff for clarification of its FOIA request two days before it had been served with Plaintiff's complaint. Since it has been served, Defendant, with undersigned counsel, has been in contact with Plaintiff via telephone, and has expressed its need to have Plaintiff's FOIA request clarified, as well as its continued willingness to process all non-exempt, responsive documents in a reasonable timeframe.  In preparation for discussions with Plaintiff, Defendant has been making its best efforts to determine the length of time it would need to process all non-exempt, responsive documents on a rolling basis.

**IV. Conclusion.**

---

expeditiously in a good faith manner to respond to plaintiff's request").

[3] Vaughn v. Rosen, 484 F.2d 820, 827 (D.C.Cir.1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

For these reasons, the Court should extend the deadline until June 26, 2008, for Defendant to respond to Plaintiff's FOIA request and file a Motion for Summary Judgment.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/ *Brandon L. Lowy*_____
BRANDON L. LOWY
Special Assistant United States Attorney
555 Fourth Street, N.W. - Room E4405
Washington, D.C. 20530
(202) 307-0364

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 08-0045 (ESH)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

UPON CONSIDERATION OF Defendant's Motion for a Stay of Proceedings or, in the Alternative, For An Extension of Time to Respond to Plaintiff's Freedom of Information Act Request and File a Dispositive Motion, and memorandum in support thereof, any opposition thereto, and the entire record herein, it is this _____ day of _____, 200\_\_\_\_,

\_\_\_\_\_ ORDERED that Defendant's motion for an <u>Open America</u> stay is GRANTED; and it is

FURTHER ORDERED that Defendant shall file its Motion for Summary Judgment on or before June 26, 2008.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

## DECLARATION OF SANDRA EVANS

I, Sandra Evans, in lieu of an affidavit, as permitted by 28 U.S.C. § 1746, declare and state as follows:

1. I am the Freedom of Information Act ("FOIA") Officer for the Office of Inspector General ("DOI-OIG"), United States Department of the Interior (the "Department", or "DOI"). I have held this position for approximately six years. The statements contained in this declaration are based upon my personal knowledge, or upon information provided to me in my official capacity.

2. I am primarily responsible for processing FOIA requests submitted to the OIG. My official duties include recording incoming FOIA requests in the order that they are received; documenting subsequent actions on the request; sending acknowledgment letters with a file number for their request; obtaining and reviewing responsive documents; consulting with other bureaus within the Department of the Interior (DOI) or other Federal agencies when necessary; responding to questions from FOIA requesters; arranging for copying of any records to be disclosed; if necessary, making redactions to the responsive documents; assessing appropriate fees; maintaining a record of requests received and processed; and compiling statistical data required for the FOIA Annual Reports submitted to the Department of Justice.

3. As the DOI-OIG FOIA Officer, I am involved in the development and implementation of the DOI-OIG FOIA program and policies in furtherance of the goals and timetables set forth in

1

DOI's implementation plan pursuant to Executive Order 13,392 (Improving Agency Disclosure of Information October 16, 2006).

4. Staffing in the DOI-OIG FOIA office currently consists solely of the DOI-OIG FOIA Officer and one Information Disclosure Specialist. One Associate General Counsel assists on a part-time basis with the review of our FOIA responses.

5. The DOI-OIG receives an average of 90 FOIA requests per year. When I accepted the position as a FOIA Specialist in March 1999, there was a backlog dating back to 1994. Among the factors contributing to the chronic backlogs that developed between the years 1994 – 2007 were: an extended vacancy in the FOIA Specialist position from September 1998 – February 1999 and again from July 2006 to present due to budgetary constraints; an increase in the review of audit reports for possible placement on the OIG website; and an increase in FOIA requests for voluminous high-profile investigations. While the intake and backlog numbers reported above may appear to be relatively small, it has taken concerted efforts in recent years to overcome the effects of the factors described above, to make significant progress against backlogs of requests and appeals. These efforts to reduce the backlog of requests and appeals between 1994 – 2007 include, but are not limited to, the following: 1) purchasing a FOIA request tracking system in 2005; 2) conducting a training session in 2008 for OIG General Counsel attorneys on the FOIA to enable attorneys to assist in the processing of FOIA requests; and 3) hiring an additional staff attorney during this fiscal year to work with the OIG FOIA group until our backlog is reduced significantly.

6. The DOI-OIG's general policy and procedure is to process FOIA requests and appeals in the order of receipt, with the exception of those requests for which expedited processing is

2

requested and granted, and those requests that are tracked in the "simple" queue. FOIA requests are received, dated and assigned a sequential number for record-keeping purposes. Expedited requests are those in which someone asks for his/her FOIA request to be processed ahead of others in the queue, usually on the basis that the information involves: 1) circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or the physical safety of an individual; 2) an urgency to inform the public about an actual or alleged Federal Government activity if the request is made by a person primarily engaged in disseminating information; and 3) the loss of substantial due process rights. Simple requests are ones that require less intensive review and analysis. "Complex" requests are generally those seeking entire DOI-OIG investigative case files, or non-case records or information that are voluminous or need to be identified in one or more administrative systems (requiring more extensive searches and/or reviews of case files or other records).

## PLAINTIFF'S FREEDOM OF INFORMATION ACT REQUEST

7.  By letter dated March 5, 2007, Public Employees for Environmental Responsibility (PEER) submitted a FOIA request. See Exhibit 1. Although the DOI-OIG website designates me as the FOIA Officer, the FOIA request was addressed to a DOI-OIG Associate General Counsel, who works from home. As a result, the DOI-OIG FOIA office received the plaintiff's FOIA request letter on March 28, 2007. The request sought the following information pertaining to the DOI-OIG report entitled, "Assessment of the U.S. Fish and Wildlife Office of Law Enforcement":

> 1) Copies of correspondence, documentary materials, letters, or other communications submitted to the OIG by members of the U.S. Fish and Wildlife Service (FWS) law enforcement program in preparation of this report;

  2) Interview notes by OIG staff from interviews with members of the FWS law enforcement program in preparation of this report;

  3) Documents relating to the removal of Kevin Adams as the head of the FWS Office of Law Enforcement; and

  4) Information concerning interactions of the Safari Club affecting investigations or other activities of the FWS law enforcement program.

8. At the time that the DOI-OIG received the plaintiff's request, it had approximately 239 pending FOIA requests. The Office of Inspector General acknowledged receipt of the FOIA request, advised Plaintiff that there was a backlog of requests, and explained that it was handling Plaintiff's request as "equitably as possible," by letter dated April 3, 2007. See Exhibit 2. The request was assigned DOI-OIG FOIA number 07-FPA-00027. The plaintiff filed an appeal by letter dated November 9, 2007, and it was received by the FOIA Appeals Office on November 19, 2007. See Exhibit 3. LaRima L. Lane, Senior FOIA Appeals Specialist in the DOI Office of Solicitor, acknowledged (1) receipt of the of the FOIA appeal and (2) assignment of DOI FOIA appeal number 2008-036 by letter dated January 4, 2008. See Exhibit 4. On January 16, 2008, I sent a letter to Jeff Ruch, the plaintiff's Executive Director; with an index of the documents located thus far that I felt would be responsive to his FOIA request. See Exhibit 5. The plaintiff's FOIA request was unclear with regard to items three (3) and four (4); thus, I requested that Mr. Ruch contact me within 20 work days to discuss the index that I sent to him, in order to ascertain which documents would be of interest. See Exhibit 5.

9. As explained in paragraph 6 above, the DOI-OIG's general policy for processing appeals, as with initial requests, is to process them on a first-in, first-out basis. The plaintiff's FOIA request did not seek expedited processing. The DOI-OIG is unaware of any exceptional need or

urgency in the form of an imminent threat to life or safety with respect to any of the requests. Due to the volume of records being reviewed (over 5,000 pages) and the need to withhold the identities and identifying information of current employees of the Office of Law Enforcement, who participated in the DOI-OIG survey with the understanding that they would be provided anonymity, I consider this to be a complex request.

10. While substantial gains have been made on the request backlog, however, there were 273 requests pending at the end of FY 2007. In the last fiscal year we reviewed 56 Audit Reports and 6 Special Reports for placement on the DOI-OIG website as part of our effort to comply with the Electronic Freedom of Information Act Amendments of 1996 (E-FOIA). The E-FOIA amendments require that "reading room" treatment must be given to any FOIA-processed records that, "because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records." (See 5 U.S.C. § 552(a)(2)(D)).

11. Due to the number and nature of high-profile investigations, our reports of investigation are getting more voluminous, and most of our backlogged requests have been identified as complex. In light of this, we continue to work on production of the documents sought by Plaintiff. In addition, on February 21, 2008, our office indicated to Plaintiff by telephone that we will produce non-exempt documents responsive to Plaintiff's request on a "rolling basis." Based on current office workload and the complexity of Plaintiff's request, I anticipate that a full response to this request of non-exempt documents will be completed on or before May 27, 2008.

12. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

5

Executed this 26th day of February, 2008.

*[signature: Sandra Evans]*

Sandra Evans
Office of Inspector General
FOIA Officer