UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR                      )
ENVIRONMENTAL RESPONSIBILITY,             )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )          Civil Action No. 08-00045-ESH
                                          )
U. S. DEPARTMENT OF THE INTERIOR          )
Office of Inspector General               )
                                          )
          Defendant.                      )


PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION FOR A STAY
OR EXTENSION OF TIME

By motion dated February 27, 2008, Defendant, U.S. Department of the Interior Office of

Inspector General ("OIG"), moved for a 90-day stay of proceedings to finish processing

Plaintiff's FOIA request. In the alternative, Defendant moved for an extension of time until June

26, 2008 to file a dispositive motion. For the reasons stated below, Plaintiff, Public Employees

for Environmental Responsibility ("PEER"), hereby respectfully asks this Court to deny both of

Defendant's motions. However, Plaintiff would not oppose an extension until May 27, 2008 for

Defendant to provide a complete response to Plaintiff's FOIA request. This is the time by which

Defendant's FOIA Officer has represented that a full response to Plaintiff's request can be

expected.

I.      **PLAINTIFF OPPOSES DEFENDANT'S MOTION FOR STAY**

Defendant argues that it has demonstrated good cause and due diligence in responding to

Plaintiff's FOIA request, and therefore a stay is warranted under <u>Open America v. Watergate</u>

<u>Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976).  However, <u>Open America</u> does not

support a stay in this situation, where Plaintiff has waited almost one year with no document

production whatsoever, Defendant totally failed to communicate with Plaintiff for over nine

months following receipt of Plaintiff's FOIA request, and Defendant has failed to reduce its

backlog of pending FOIA requests.

FOIA provides that a court may retain jurisdiction and grant the agency additional time to

respond to a request if the "Government can show exceptional circumstances exist and that the

agency is exercising due diligence in responding to the request."  5 U.S.C. § 552(a)(6)(C)(i).  In

<u>Open America</u>, decided six years after Congress enacted FOIA, the D.C. Circuit stated that "the

'exceptional circumstances' provision was designed and inserted specifically as a safety valve for

the new statute."  <u>Id.</u> at 610.  That safety valve was triggered in <u>Open America</u> because, at the

time the plaintiff requested FBI documents related to the former Director's involvement in

Watergate, there was a 5,137 FOIA request backlog at the FBI.  <u>Open America</u>, 547 F.2d at 613.

The Court held that the FBI complied with FOIA through its "good faith effort and due

diligence" because it answered FOIA requests as quickly as possible by responding to requests on

a "first-in, first-out basis[.]"  <u>Id.</u> at 616.

When it amended FOIA in 1996, Congress stated that "the term 'exceptional

circumstances' does not include a delay that results from a predictable agency workload of

requests…unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii). The D.C. Circuit still relies on Open America in conjunction with the 1996 amendments. See, e.g., Appleton v. FDA, 254 F. Supp. 2d. 6, 9 n.3 (D.D.C. 2003) ("Open America represents the law of the Circuit and has been applied to FOIA cases since the 1996 amendments.").

In Appleton v. FDA, 254 F. Supp. 2d. 6 (D.D.C. 2003), a case cited by Defendant,[1] FDA argued for a stay of plaintiff's FOIA request, citing its due diligence "both in processing the plaintiff's FOIA request and in reducing its backlog of FOIA requests on a first-in, first-out basis." Id. at 9. The plaintiff had submitted a FOIA request to FDA in September 2001, and on October 4, 2001, FDA sent a letter acknowledging receipt of plaintiff's FOIA request. On November 1, 2001, FDA sent plaintiff a letter informing him that some requested information was available on the FDA website, that certain other information required redaction before release, and that a search was underway for the rest of the information. On December 7, 2001, FDA sent the plaintiff the redacted information. On January 25, 2002, plaintiff complained about FDA's responses and amended and clarified his request. On March 26, 2002, after receiving no further response from FDA, plaintiff appealed the denial of his request and ultimately, on May 29, 2002, filed a complaint against FDA. Id. at 8.

In support of its motion for stay, FDA noted that it had provided plaintiff "with readily available documents via the November 1 and December 7, 2001 letters, and placed the remainder of his request on FDA's 'complex' track, which operates on a first-in, first-out basis." Id. at 9. FDA further noted that it had reduced its FOIA backlog from 16,704 requests in fiscal year 1998,

3

to 14,193 requests by the end of fiscal year 2001. Id. This Court held that the FDA had shown a good-faith, diligent effort to process plaintiff's request via its first-in, first-out complex track, and that it had "shown reasonable progress in reducing its backlog between fiscal year 1998 and fiscal year 2001."[2] Id.

Here, OIG acknowledged PEER's FOIA request on April 3, 2007 and stated that OIG could not respond within FOIA time limits "due to a backlog of requests and other unforeseen circumstances." Def. Ex. 2. PEER's subsequent phone inquiries about when to expect the requested documents did not produce a cogent response. See Complaint ¶ 18. After over seven (7) months had passed since OIG's April 3, 2007 acknowledgment letter, with no updates or estimated timeline from OIG – indeed, no communication whatsoever from OIG – PEER filed an appeal of the constructive denial of its FOIA request. See Def. Ex. 3. It was not until January 16, 2008 – over nine (9) months since OIG received PEER's request and after PEER filed its complaint on January 10 – that OIG provided any semblance of a response. See Def. Ex. 5.

OIG FOIA Officer Sandra Evans states in her Declaration that PEER's FOIA request "was unclear with regards to items three (3) and four (4)," and thus she requested in her January 16, 2008 letter that PEER Executive Director Jeff Ruch contact her to discuss the index she sent him. Evans Decl. ¶ 8. However, Evans' January 16, 2008 letter did not indicate that PEER request items three and four were unclear or ask for clarification. Instead, she stated that there was very little responsive information for item four and that a document purportedly responsive to item three actually appeared responsive to item four instead. Def. Ex. 5, p. 1.

---

[1] See Def.'s Motion p. 7.
[2] The court noted that "reasonable progress" does not require that annual backlog reductions be

Evans' January 16 letter asked PEER to "review the enclosed [file index] and inform me within 20 work days...*if* there is any information that you are not interested in receiving." Id. at p. 2 (emphasis added). As the file index attached to Evans' letter only indicated the title of each potentially responsive document, and many of the titles had been significantly redacted, it was difficult to tell whether any of the documents were non-responsive. See Pl. Ex. 1. Thus, PEER did not respond to Evans' letter, which PEER understood to mean that it was interested in receiving all the documents. It was not until a February 21, 2008 conference call with Evans and Defendant's attorney that Evans informed Plaintiff it needed to clarify request items three and four. Plaintiff was happy to do this, but this only further indicates the lack of diligence on Defendant's part in processing Plaintiff's request. Even if it could not process Plaintiff's request in a timely fashion, Defendant should have at least informed Plaintiff shortly after receiving its request that two of its four request items were unclear. This belated request for clarification makes it appear that little or nothing was done in response to Plaintiff's request until after suit was filed.

Further, Evans states that OIG is treating PEER's request as "complex," see Evans Decl. ¶ 9, but OIG never informed Plaintiff that its request was considered "complex" and thus would take longer to process.

OIG's complete lack of communication in the months following its receipt of Plaintiff's FOIA request is in stark contrast to FDA's actions in Appleton, where FDA showed good faith by diligently updating the plaintiff in each of the two months immediately following receipt of plaintiff's request, and actually producing those documents easily located. FDA made these

uniform. Appleton, 254 F. Supp. 2d. at 10.

good-faith efforts to respond and update the plaintiff despite a backlog of over 14,000 FOIA requests. See Appleton, 254 F. Supp. 2d. at 9. OIG's backlog situation is another area clearly distinguishing this case from Appleton.

OIG FOIA Officer Sandra Evans states in her declaration that OIG had 239 pending FOIA requests when Plaintiff filed its request, see Evans Decl. ¶ 8, and that it had 273 pending requests at the end of fiscal year 2007. Id. at ¶ 10. She said that OIG receives around 90 FOIA requests per year, and she did not indicate that this was an unpredictable or excessive number. Id. at ¶ 5. Defendant acknowledges that OIG has NOT reduced its backlog of FOIA requests, but has only slowed the increase. Def. Motion at 7. Slowing the growth of the backlog does not satisfy Congress's 1996 mandate of "reducing the backlog," see 5 U.S.C. § 552(a)(6)(C)(ii), which this Court requires before granting a stay of proceedings. See Appleton, 254 F. Supp. 2d. at 10 & n.4.

In summary, while PEER understands that OIG has budgetary and staffing constraints, this does not excuse Defendant's complete lack of communication for over nine months following its receipt of Plaintiff's FOIA request or its failure to produce any documents for what is now nearly a year. Nor does OIG's stated policy of processing FOIA requests in the order of receipt serve as an excuse to keep Plaintiff completely in the dark as to when to expect any semblance of a response. Indeed, it was OIG's long silence that compelled Plaintiff to file the current lawsuit to ensure OIG actually processed its request. If anything, Plaintiff was the party operating in good faith by waiting over seven months before even filing an appeal.

For the above stated reasons, PEER respectfully requests that this Court deny Defendant's

motion for a stay of proceedings.

## II.    PLAINTIFF OPPOSES DEFENDANT'S MOTION IN THE ALTERNATIVE FOR AN EXTENSION OF TIME UNTIL JUNE 26, 2008

Defendant moves in the alternative for an extension of time until June 26, 2008 for

Defendant to respond to Plaintiff's FOIA request.  See Def. Motion p. 10.  Plaintiff, however,

would not object to an order by the Court which would allow Defendant until May 27, 2008 to

provide a complete response to Plaintiff's FOIA request.  Plaintiff sees no reason to extend that

time beyond that indicated by the Defendant's own FOIA Officer, Sandra Evans.  Evans states in

her Declaration that she anticipates "that a full response to this request of non-exempt documents

will be completed on or before May 27, 2008."  Evans Decl. ¶ 11.

## III.    PLAINTIFF'S ENTITLEMENT TO ATTORNEY FEES AND COSTS.

If this Court orders Defendant to produce the documents by a date certain, or Defendant

agrees to do so, Plaintiff would be the prevailing party and entitled to reasonable attorney fees

and costs.  FOIA provides that a substantially prevailing complainant may recover reasonable

attorney fees and costs.  5 U.S.C. § 552(a)(4)(E)(i).  Congress recently expanded the definition of

"substantially prevailed" to include not only situations where the complainant obtains relief

through a judicial order, but also where a complainant obtains relief through "a voluntary or

unilateral change in position by the agency, if the complainant's claim is not insubstantial."   5

U.S.C. § 552(a)(4)(E)(ii).

Thus, whether Plaintiff obtains relief through an order from this Court or through

Defendant's voluntary production of documents, Plaintiff will have substantially prevailed under

FOIA, as amended.  At the time Plaintiff filed its Complaint on January 10, 2008, there was no

indication that Defendant was going to produce documents responsive to Plaintiff's FOIA request. Over nine months had passed since Defendant acknowledged Plaintiff's FOIA request, with no communication whatsoever from Defendant, let alone anything indicating they were going to produce documents responsive to Plaintiff's request. This is far beyond the time limits that Congress established in FOIA. <u>See</u> 5 U.S.C. § 552(a)(6). Defendant's new-found diligence in processing Plaintiff's request can only be viewed as a voluntary change in position by OIG. It is true that Defendant finally provided a preliminary response to Plaintiff's FOIA request shortly after Plaintiff filed this lawsuit by means of the January 16, 2008 letter. However, whether or not the letter was prompted by the lawsuit, it did not actually result in the production of any documents or a commitment to produce documents, but only provided a largely incomprehensible list of file names and asked Plaintiff to indicate which of those files it did not seek. This cannot negate the fact that Plaintiff filed this lawsuit in good faith and is entitled to attorney fees and costs as the prevailing party under 5 U.S.C. § 552(a)(4)(E).

## IV.    CONCLUSION

After Defendant acknowledged Plaintiff's FOIA request on April 3, 2007, Plaintiff waited over seven months for any sort of response, update, estimated timeline, etc. before filing an appeal of the constructive denial of its request. Another two months passed, still with no communication whatsoever from Defendant, before Plaintiff filed the current Complaint. While Plaintiff appreciates Defendant's current diligent efforts to respond to Plaintiff's request, this response is long overdue and Defendant's long delay without contacting Plaintiff in any manner left Plaintiff no choice but to file a lawsuit to compel production of the requested documents.

8

As explained in Section I above, there are not exceptional circumstances warranting a stay in this case. However, Plaintiff agrees to an extension of time for Defendant to complete its response to Plaintiff's FOIA request, but only until May 27, 2008, which is sufficient time according to Defendant's FOIA Officer. Lastly, Plaintiff is entitled to attorney fees and costs under 5 U.S.C. § 552(a)(4)(E).

Dated: Washington, D.C.
March 10, 2008

                              Respectfully submitted,


                              *Paula Dinerstein*
                              Paula Dinerstein, DC Bar No. 333971
                              Senior Counsel
                              Public Employees for Environmental Responsibility
                              2000 P Street, NW, Suite 240
                              Washington, D.C. 20036
                              (202) 265-7337

                              Adam E. Draper, DC Bar No. 974880
                              Staff Counsel
                              Public Employees for Environmental Responsibility
                              2000 P Street, NW, Suite 240
                              Washington, D.C. 20036
                              (202) 265-7337

                              Attorneys for Plaintiff

10









**Open**

Look in: Request Item 1

My Recent Documents
Desktop
My Documents
My Computer
My Network Places

F-05-15 Docs regarding a missing Sako .270 Caliber Rifle (          ).pdf
F-05-16 Transfer of Property docs (          ).PDF
F-05-17 Firearms Trianing Record (9_02).PDF
F-05-18 Packing List (          ) Stamped Received 8_98.pdf
F-05-19 Packing List (          ) Stamped Received 8_98.pdf
G-02-01 Region 1 SAC Directives.pdf
G-03-01 Region 1 Partnership Contacts.PDF
G-03-02 Region 1 Workforce Plan.PDF
G-03-03 Regional Inspection ('97).PDF
G-03-04 Training Examples.pdf
G-03-05 Region 1 Organization.pdf
G-03-06 Region 1 Examples of Special Funds Reconciliations.pdf
G-03-07 Example Bi-weekly Reports to SAC.pdf
G-03-08 Example Agreements.pdf
H-03-01 Region 2 Inspection (2000).PDF

File name:

Files of type: All Files (*.*)

Open
Cancel

Type: A
Size: 1.8





Open

Look in: Request Item 1

My Recent Documents
Desktop
My Documents
My Computer
My Network Places

I-03-08 Region 3 List of Formal Partnerships.pdf
J-03-01 Evidence Retention (████████ e-mail).pdf
J-03-02 Region 4 Inspection ('99).PDF
J-03-03 Region 4 Workforce Plan.PDF
J-03-04 ████████ Letter of Reprimand.PDF
K-03-01 Region 5 Inspection (99).pdf
L-03-01 Region 6 Compliance Eval. (97).pdf
L-03-02 Region 6 Inspection (99).pdf
L-03-03 Inspections- Not Finalized (02).pdf
M-02-01 Region 7 Strategic and Workforce Plan.pdf
M-02-02 Alaska OLE Priorities - 2006.pdf
M-03-01 FWS-ADPS MOU.pdf
M-03-02 Special Funds Reconciliation.pdf
M-03-03 Region 7 OLE Org Chart.pdf
M-03-04 Open-Closed Case Report.pdf

Type: Adob
Size: 76.5 I

File name:                                    Open

Files of type: All Files (*.*)                Cancel

















**Open**

Look in: Request Item 2

- J-01-16 ████████ 8-02-06.doc
- J-01-17 ████ 3-03-06.doc
- J-01-18 ████ 8-03-06.doc
- J-01-19 ████ 8-04-06.doc
- M-01-01 IAR - ████.doc
- M-01-03 IAR - ██ doc
- M-01-05 IAR - ██.doc
- M-01-11 IAR - ██.doc
- M-01-12 IAR - ██ doc
- M-01-13 IAR - ██.doc
- M-01-15-IAR - ██.doc
- M-01-16- IAR - ██.doc
- N-01-01 ██, 6-02-06.doc
- N-01-02, ██, 9-07-06.doc
- N-01-03, ██, 10-20-06.doc
- N-01-04, ████ 9-07-06.doc

File name: 

Files of type: All Files (*.*)

My Recent Documents
Desktop
My Documents
My Computer
My Network Places

Open
Cancel

